# United States District Court
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ALEXSAM, INC.<br><br>v. | |
|---|---|
| BEST BUY STORES LP | Cause No. 2:13-cv-2<br>LEAD CASE FOR INVALIDITY |
| BARNES & NOBLE, INC. AND BARNES & NOBLE MARKETING SERVICES, LLC | Cause No. 2:13-cv-3 |
| THE GAP INC. AND DIRECT CONSUMER SERVICES, LLC | Cause No. 2:13-cv-4 |
| J.C. PENNEY COMPANY, INC. AND J.C. PENNEY CORPORATION | Cause No. 2:13-cv-5 |
| MCDONALD'S CORPORATION AND P2W, INC. NFP | Cause No. 2:13-cv-6 |
| TOYS "R" US—DELAWARE, INC. AND TRU-SVC, LLC | Cause No. 2:13-cv-7 |
| THE HOME DEPOT, U.S.A., INC. AND HOME DEPOT INCENTIVES, INC. | Cause No. 2:13-cv-8 |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATE MAGISTRATE JUDGE

The above-entitled and numbered civil actions were heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such actions has been presented for consideration. Defendants filed objections to the Report and Recommendation.

The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions. Defendants' objections are without merit. The Court is of the opinion that the

findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Defendants first argue that a pre-critical date fax from Mr. Dorf to Debbie Anderson of MCI clearly states that Mr. Dorf tendered a sale contract to MCI for prepaid card activation services. Defendants believe that the fax's reference to Mr. Dorf sending a contract to MCI indicates an intent to be bound. The Court disagrees. Defendants provide no evidence or facts addressing the subject or terms of the alleged contract. Thus, a fact finder would have no basis to determine whether the contract actually qualified as an offer for sale rather than preliminary negotiations or product promotion. Furthermore, the fax does not suggest that MCI could have entered into a binding contract by simple acceptance. Accordingly, the Court finds Defendants' objection without merit.

Defendants additionally allege that there is a material fact question pertaining to whether Alexsam performed the patented method for commercial purposes prior to the critical date. In a pre-critical date fax from Mr. Dorf to Mary Sue Rhoda of LinkUSA, Mr. Dorf explained that he had a system "presently live in the retail environment" (Doc. No. 16-3 at 2). Defendants believe this reflects that Mr. Dorf was actually performing the patented method for commercial purposes. The Court disagrees. As highlighted by Defendants, "performing the patented method for commercial purposes before the critical date constitutes a sale under § 102(b)." *Plumtree Software, Inc. v. Datamize, LLC*, 473 F.3d 1152, 1163 (Fed. Cir. 2006). But here, there is no evidence to support this claim. First, there is no evidence that the system Mr. Dorf refers to in the fax is the patented invention. Second, there is no evidence that "presently live" equates to commercialization or an attempt to profit from the commercial use of the invention. Therefore, the Court finds Defendants' objection without merit.

Accordingly, it is hereby **ORDERED** that Plaintiff Alexsam, Inc.'s Motions for Partial Summary Judgment to Dismiss Defendants' On-Sale Bar Defense (2:13-cv-2, Doc. No. 16); (2:13-cv-3, Doc. No. 14); (2:13-cv-4, Doc. No. 15); (2:13-cv-5, Doc. No. 16); (2:13-cv-6, Doc. No. 15); (2:13-cv-7, Doc. No. 15); (2:13-cv-8, Doc. No. 15) is **GRANTED**.

It is further **ORDERED** that Defendants' on-sale bar defenses are **DISMISSED**.

**It is SO ORDERED.**

SIGNED this 26th day of April, 2013.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE