# United States District Court
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **ALEXSAM, INC.** | |
| v. | Case No. 2:13-cv-4-MHS-CMC |
| **THE GAP, INC.**, and **DIRECT CONSUMER SERVICES, LLC** | |

## ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Before the Court is Plaintiff Alexsam, Inc.'s Renewed Motion for Judgment as a Matter of Law Regarding Infringement, or, in the Alternative, for a New Trial (Doc. No. 258). Because Alexsam has not met the high burden of setting aside the jury's verdict, which is supported by substantial evidence, the Court **DENIES** Alexsam's motion.

### I.   BACKGROUND

In this action, Alexsam accused Defendants of infringing claims 1 and 19 of the U.S. Patent No. 6,189,787 (the '787 patent). Claim 1 is drawn to a multifunction card system adapted for processing electronic gift certificate cards through a banking network. Claim 19 is drawn to a method of activating or recharging electronic gift certificate cards through a banking network. After a five-day trial, on June 7, 2013, a jury returned a verdict finding no infringement on both claims 1 and 19. Alexsam now argues in its motion that no reasonable jury could find noninfringement given the evidence presented at trial.

### II.   LEGAL STANDARD

#### A. Judgment as a Matter of Law

A motion for judgment as a matter of law is a procedural issue not unique to patent law; therefore, the motion is reviewed under the law of the regional circuit. *Bard Peripheral Vascular*

*v. W.L. Gore & Assocs.*, 670 F.3d 1171, 1178 (Fed. Cir. 2012). Judgment as a matter of law is justified where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The jury's verdict must be supported by "substantial evidence" relating to each element of the claims. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004). The court must "review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The court affords great deference to a jury's verdict because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004). The movant is entitled to judgment as a matter of law, "only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005).

### B. New Trial

As with motions for judgment as a matter of law, motions for new trial are determined by the law of the regional circuit. *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007). The court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). A new trial may be warranted when "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v.*

*Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The court must affirm the jury's verdict unless, in viewing the evidence in the light most favorable to the verdict, the evidence points so overwhelmingly in favor of the other party that reasonable individuals could not arrive at a contrary conclusion. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

### C. Direct Infringement[1]

Literal infringement of a patent claim "occurs when every limitation recited in the claim appears in the accused device, i.e., when 'the properly construed claim reads on the accused device exactly.'" *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1358 (Fed. Cir. 2000) (quoting *Amhil Enters., Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996)). The plaintiff must show by a preponderance of the evidence the presence of every element in the accused device. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011).

#### 1. *Joint Infringement of Method Claim*

For direct patent infringement under 35 U.S.C. § 271(a), an accused infringer "must commit all the acts necessary to infringe the patent, either personally or vicariously." *Akamai Techs., Inc. v. Limelight Networks*, 692 F.3d 1301, 1307 (Fed. Cir. 2012) (en banc) (per curiam) (internal citations omitted), *cert granted*, 124 S. Ct. 895 (U.S. Jan. 10, 2014). For a method claim, "the accused infringer must perform all the steps of the claimed method, either personally or through another acting under his direction or control." *Id*. Because it is a strict liability tort, direct infringement is not extended to cases in which multiple independent parties perform the steps of the method claim. *Id.* (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc)).

---

[1] Though Alexsam argued both direct infringement and induced infringement at trial, it only raises the direct infringement issue in its post-trial motion. Thus, the Court will not consider joint infringement in induced infringement context, which is an unsettled question currently pending before the U.S. Supreme Court.

But a party cannot avoid infringement "simply by contracting out steps of a patented process to another entity. In those cases, the party in control would be liable for direct infringement." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007), *overruled on other grounds by Akamai*, 692 F.3d 1301 (2012). Yet, absent an agency relationship between the actors or some equivalent, there is no direct infringement "even if the parties have arranged to 'divide' their acts of infringing conduct for the specific purpose of avoiding infringement liability. *Akamai*, 692 F.3d at 1307 (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (no liability for direct infringement if the party that is directly infringing is not acting as an agent of, or at the direction of, the accused infringer)).

### 2. *Joint Infringement of System Claim*

A "direct infringement by 'use' of a system claim requires a party . . . to use each and every . . . element of a claimed system." *Centillion Data Sys. v. Qwest Commc'ns Int'l, Inc.*, 631 F. 3d 1279, 1284 (Fed. Cir. 2011) (quotations omitted). To "use" a system, "a party must put the invention into service, i.e., control the system as a whole and obtain benefit from it." *Id.* While the end user need not "exercise physical or direct control over each individual element of the system" to control the system, the end user must still use "*all portions* of the claimed invention." *Id.* (emphasis added).

### III. DISCUSSION

Alexsam contends that it is entitled to judgment as a matter of law of infringement because: **(1)** Defendants confused the jury by arguing "activation," which is not an element of the asserted claims; **(2)** Alexsam proved that Defendants' gift card system and method reads on claims 1 and 19 of the '787 Patent, including the three disputed elements "pre-existing standard

retail point of sale devices," "bank processing hub computer," and "banking network"; and **(3)** Alexsam proved joint infringement by establishing that Defendants control their gift card system.

First, the Court finds disingenuous the argument that the Defendants confused the jury by arguing "activation" or "activating" because it is not an element of the asserted claims. Claim 1 includes the element "a gift certificate card computer under gift certificate card software control and in communication with said bank processing hub for ***activating*** *a gift certificate card account*." Claim 19 is drawn to a "method of ***activating*** or recharging a magnetically encoded electronic gift certificate card" and includes the elements "entering an ***activation amount***" and "transmitting . . . activation amount from said point-of-sale device to a bank processing hub computer." Thus, Defendants' presentation of evidence as to their activation methods was not a prejudicial error.

Second, upon a review of the record, the Court finds that there was sufficient evidence to support a finding that the '787 Patent and the Defendants' system and method differed in meaningful ways. Furthermore, the Court finds substantial evidence to support the jury's noninfringement verdict. Accordingly, reasonable and impartial minds could have reached such a verdict. *See Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (per curiam) (explaining that the standard for determining a "Rule 50(b) motion for judgment as a matter of law following a jury verdict is whether 'the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict'" (quoting *Am. Home Assurance*, 378 F.3d at 487)).

Finally, there was sufficient evidence to support the jury's finding of lack of control by Defendants over SVS. As cogently explained in *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 829 (S.D. Tex. 2008), under *Muniauction*, there is a "spectrum" of multiple-party relationships:

> At one end is "mere arms-length cooperation," which is insufficient to establish infringement. At the other end is "control or direction over the entire process such that every step is attributable to the controlling part, i.e., the mastermind," which is sufficient to establish infringement. The outcome of applying the direction or control standard depends on where on this spectrum a particular case falls.

*Id.* (internal citation omitted). The Court finds that there was sufficient evidence for the jury find that Defendants' relationship with the third parties do not rise to the level of joint infringement so that each step of claim 19 is attributable to Defendants. Similarly, there were sufficient evidence to support a jury's finding that Defendant does not use the system of claim 1 and put the whole system into service by controlling the system as a whole and obtaining the benefit from it.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Alexsam, Inc.'s Renewed Motion for Judgment as a Matter of Law Regarding Infringement, or, in the Alternative, for a New Trial (Doc. No. 258) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 12th day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE